IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 8, 2005

## REGINALD THOMAS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2003-A-26     J. Randall Wyatt, Jr., Judge**

_____

### No. M2004-00557-CCA-R3-PC - Filed May 25, 2005

_____

The petitioner, Reginald Thomas, appeals from the trial court's denial of post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel. After reviewing the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Reginald Thomas.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Victor S. Johnson, III., District Attorney General; and Brian Holmgren, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

The petitioner was originally indicted for two counts of rape of a child, one count of aggravated sexual battery, and one count of casual exchange of marijuana to a minor. In April 2003 the petitioner pled guilty, pursuant to a plea agreement, to one count of rape and one count of aggravated sexual battery. The trial court ordered the petitioner to serve concurrent twelve-year sentences at 100% in the Department of Correction. In October 2003 the petitioner filed a *pro se* petition for post-conviction relief, arguing that his plea was involuntary, his sentence was excessive, and his counsel was ineffective. Thereafter, post-conviction counsel was appointed and an amended petition was filed. The amended petition consolidated the petitioner's arguments into the single issue of ineffective assistance of counsel.

In a hearing conducted in January of 2004, the petitioner testified that, because his attorney informed him that he had no defense, he entered an involuntary plea. He stated, "I didn't see no other way out . . . ." The petitioner also stated that he did not know whether counsel had ever interviewed two potential witnesses, William McGee and Donnell McKissack. Ultimately, the petitioner admitted, "I'm not putting [counsel] down. I'm not saying he did anything wrong. I'm just trying to find . . . some way of . . . ironing out the situation that happened that don't deserve the amount of time that I'm getting for this." Counsel testified that he met with the petitioner "about three times" to discuss the case and the potential plea agreement. Counsel stated that, due to the petitioner's confession, he saw no viable defenses and "felt that [the petitioner] understood and knowingly entered his plea." The petitioner's suggested defense, "[he] didn't know, exactly" how old the victim was, was discarded by counsel, who stated that mistake of fact was no defense to rape and "the case law is pretty clear that [statutory rape] is not a lesser included offense."

The trial court denied the petition, stating:

> After having considered the testimony, the Court finds that the Petitioner was properly informed of the weight of the evidence against him, and that he was properly appraised of his defenses. The Court also finds that the failure to interview the two potential witness[es] and the victim was harmless to the Petitioner's case. The Court is of the opinion that the Petitioner entered into the plea agreement voluntarily, knowingly, and intelligently, in his best interests, and was competently representation [sic] by his attorney . . . .

From this order, the petitioner appeals.

**Analysis**

On appeal, the petitioner argues that his counsel was ineffective by: (1) failing to advise him of the evidence and potential defenses, thereby preventing entry of a knowing, intelligent, and voluntary plea; and (2) failing to interview two potential witnesses.

In order to succeed on a post-conviction claim, the petitioner bears the burden of showing, by clear and convincing evidence, the allegations set forth in the petition. Tenn. Code Ann. § 40-30-110(f). To support a claim of ineffective assistance of counsel, the petitioner bears the burden of showing that his counsel's performance fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This showing requires evidence that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). To satisfy the "prejudice" prong in a case in which the petitioner pled guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The underlying issues in claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. Burns, 6 S.W.3d at 461. As such, our review is *de novo* with a presumption of correctness given to the trial court's findings of fact unless the evidence preponderates otherwise. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

The petitioner initially argues that his counsel's performance was deficient for failing to advise him of the evidence and potential defenses so as to ensure an intelligent and voluntary plea. However, the petitioner's testimony at the hearing provides no indication of any specific evidence or viable defenses that counsel failed to acknowledge. The only inkling of relation to this argument at the hearing was the petitioner's confusion as to whether his alleged ignorance of the victim's age was a defense. However, counsel specifically testified that mistake of fact was an unviable defense to rape and that "the case law is pretty clear that [statutory rape] is not a lesser included offense." Furthermore, the petitioner's testimony, "I'm not saying [counsel] did anything wrong," essentially undercuts his argument that counsel was ineffective. In addition, there is no evidence to suggest that the petitioner would have insisted on proceeding to trial had his attorney advised him differently. In short, the record reveals that the petitioner entered a voluntary plea after having been advised by the trial court at the guilty plea hearing of the consequences of entering the plea. The petitioner cannot now claim his plea was involuntary due to ineffective assistance of counsel in an effort to argue that he does not "deserve" the length of his sentence. This issue is without merit.

The petitioner next argues that counsel failed to interview two witnesses. However, "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, this presentation is the only way a petitioner can prove: (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. Id. In consequence, this issue is without merit.

**Conclusion**

For the foregoing reasons, we affirm the dismissal of the petition.

_____
J.C. McLIN, JUDGE